IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **Purl, M.D.**, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 2:24-cv-228-Z |
| | § | |
| **United States Department of** | § | |
| **Health and Human Services**, et al., | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO PROCEED WITHOUT LOCAL COUNSEL AND BRIEF IN SUPPORT

Plaintiffs Carmen Purl, M.D. and Carmen Purl, M.D., PLLC, d/b/a/ Dr. Purl's Fast Care Walk In Clinic respectfully request that the Court waive the local counsel requirement of Northern District of Texas Local Rule 83.10. Defendants do not oppose. Plaintiffs support their motion with the following brief.

### BACKGROUND

This is a suit for judicial review of the United States Department of Health & Human Services' final rule, HIPAA Privacy Rule to Support Reproductive Health Care Privacy, 89 Fed. Reg. 32,976 (Apr. 26, 2024) ("2024 Rule"). In this challenge to the 2024 Rule under the Administrative Procedures Act (APA), Plaintiffs contend that the Rule unlawfully inserts abortion, gender identity, and other "reproductive health care" into regulations implementing a federal statute that has nothing to do with those tropics—the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Instead, HIPAA is a statute about the privacy of patients' health records and medical information. *See* ECF 1, Compl. ¶¶ 1–2, 31–33. But Secretary Becerra disagrees with the Supreme Court's decision in *Dobbs v. Jackson Women's Health*

*Organization*, 597 U.S. 215 (2022), which cleared the way for states like Texas to protect unborn children by prohibiting elective abortion. HHS issued the 2024 Rule as part of the federal government's campaign to promote abortion and undermine state policies that the federal government does not like. *See* 89 Fed. Reg. at 32,987; Compl. ¶¶ 40–46.

Plaintiffs are Dr. Carmen Purl and her family practice clinic in Dumas, Texas. They are subject to HIPAA and the 2024 Rule. *See* Compl. ¶¶ 74–98. They are also subject to state laws that protect children and other vulnerable individuals, such as state-law obligations to report suspected abuse or crime. Compl. ¶¶ 81–86. But HHS's 2024 Rule interferes with their ability to protect patients from abuse. Compl. ¶¶ 87–98.

Plaintiffs filed suit on October 21st. ECF 1. They then sought a preliminary injunction or stay providing relief from the 2024 Rule's first impending compliance deadline, December 23, 2024. ECF 24. Defendants' response is due on December 3, 2024. *See* LR 7.1(e). Plaintiffs intend to file their reply prior to the 14-day deadline for a reply brief. *See* LR 7.1(f).

## ARGUMENT

Plaintiffs respectfully request that the Court grant leave under LR 83.10(a) for Plaintiffs to proceed in this case without local counsel as defined by that rule. Plaintiffs make this request due to the nature of this case, Plaintiffs' counsel's relevant experience and familiarity with this Court, and undersigned counsel's ability to fulfill the duties of local counsel from her location in Austin.

This is a public-interest lawsuit under the Administrative Procedure Act. It challenges an agency regulation that affects millions of healthcare providers across the country, including Dr. Purl and her clinic. At present, Plaintiffs seek preliminary relief from the burdens of complying with the 2024 Rule, which will

2

impose irreparable harm and is likely to be found contrary to law. Ultimately, they will ask that the Rule be held unlawful and set aside, that is, that the Rule be vacated in its entirety under 5 U.S.C. section 706. *See* ECF 1, Compl. ¶¶ 114–39. The Rule is substantively unlawful for numerous reasons, including its inconsistency with HIPAA's provisions and its extension beyond the authority Congress granted to HHS. It is also arbitrary and capricious. Because the case involves politically sensitive issues, and because Plaintiffs' counsel provide their services pro bono, attempts to find local law firms willing to serve as local counsel have been unsuccessful.

At the same time, Plaintiffs respectfully suggest that Plaintiffs' counsel can both adequately litigate the complex issues in this case and be fully responsive to this Court. Plaintiffs' counsel have extensive experience challenging federal agency action under the APA, so they are familiar with the procedural complexities and substantive legal issues involved in such challenges. Judicial review under the APA is usually limited to the administrative record rather than involving local discovery practice. And because the Department of Justice is exempt from the local counsel requirement, *see* LR 83.11, Plaintiffs' counsel expects that any scheduling in this matter will already have to account for defense counsel's travel time.

In addition, the undersigned counsel for Plaintiffs, Ms. Thompson, will be fully attentive and responsive to this Court and its rules during the course of this matter. Ms. Thompson is a Texas attorney who resides and works in Austin. (Ms. Thompson's firm does not have an office in Texas, so her formal office location is Washington, D.C., where she is also a bar member.) Ms. Thompson has practiced law in Texas for over a decade, including with an international law firm in Dallas and with the Office of the Attorney General of Texas. She is well acquainted with the local rules and practices of the Northern District of Texas and is willing to

satisfy the duties of local counsel as set forth in L.R. 83.10. Plaintiffs' other counsel are also admitted in this district and have experience practicing in this Court.

As a result, Plaintiffs' counsel are equipped to assist the Court in resolving this matter and to represent Plaintiffs without local counsel.

## CONCLUSION AND PRAYER

Plaintiffs respectfully request that the Court grant leave to proceed without local counsel under LR 83.10. Defendants do not oppose this relief.

Respectfully submitted this 25th day of November, 2024.

*/s/ Natalie D. Thompson*
**Natalie D. Thompson**
TX Bar No. 24088529
DC Bar No. 90026665
Matthew S. Bowman
DC Bar No. 993261
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
nthomspon@ADFlegal.org
mbowman@ADFlegal.org

Julie Marie Blake
VA Bar No. 97891
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
jblake@ADFlegal.org

*Counsel for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I certify that on November 25, 2024, I conferred with John T. Lewis III, counsel for Defendants, via email. Counsel stated that Defendants do not oppose the relief requested in this motion.

/s/ *Natalie D. Thompson*
**Natalie D. Thompson**
