IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CARMEN PURL, M.D., *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> *Defendants*. | No. 2:24-cv-228-Z |

**DEFENDANTS' OPPOSITION TO PROPOSED INTERVENOR-DEFENDANTS' MOTION FOR LEAVE TO INTERVENE**

A coalition of two Midwest cities and a nonprofit organization have sought to intervene as defendants in this lawsuit. They suggest that their involvement in this case may become necessary if at some point the Department of Health and Human Services ("HHS") stops defending the rule that plaintiffs challenge, *HIPAA Privacy Rule to Support Reproductive Health Care Privacy*, 89 Fed. Reg. 32976 (Apr. 26, 2024) ("Rule"), and thus ask to be allowed to defend the Rule now. But the proposed intervenors' request to intervene is, at the present time, based on nothing more than speculation about this case's future, which is insufficient to satisfy Federal Rule of Civil Procedure 24's requirements for intervention. *See, e.g.*, *Brackeen v. Zinke*, 2018 WL 10561984, at *3 (N.D. Tex. June 1, 2018) (concluding in an APA case that the proposed intervenors had failed to establish Rule 24's inadequate-representation requirement where the federal defendants had not yet taken an "action inconsistent with" the proposed intervenors' ultimate objective in the lawsuit). While that provides a sufficient basis for denying intervention, given that HHS is currently reevaluating the Rule and the issues raised in this litigation, the Court may wish to defer resolution of the motion to intervene until after the agency has completed its reevaluation process (or, alternatively, allow the proposed intervenors to

1

renew their motion at that time if they feel it is necessary). In all events, the proposed intervenors' request to intervene is premature; the Court should therefore deny it or, at a minimum, defer its resolution.

Dated: February 7, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

ERIC B. BECKENHAUER
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On February 7, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice
