IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| Carmen Purl, M.D.; and Carmen Purl, M.D., PLLC d/b/a Dr. Purl's Fast Care Walk In Clinic,<br><br>*Plaintiffs*,<br><br>v.<br><br>United States Department of Health and Human Services; Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services; Office for Civil Rights of the United States Department of Health and Human Services; and Melanie Fontes Rainer, in her official capacity as Director of the Office for Civil Rights of the United States Department of Health and Human Services,<br><br>*Defendants*. | Civil Action No. 2:24-cv-228-Z |

## REPLY IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANTS' MOTION FOR LEAVE TO INTERVENE

Proposed Intervenors—the City of Columbus, the City of Madison, and Doctors for America—seek to defend a regulation (the "2024 Rule" or "challenged Rule") and a statute, the Health Insurance Portability and Accountability Act ("HIPAA"), crucial to providing adequate care to their patients and, for the cities, promoting public health. Plaintiffs attempt to cast Proposed Intervenors' interests as merely "political." *See* Pl.'s Br. Op. Mot. to Intervene, (Pl. Op.) ECF No. 61 at 5. They and the government argue that Plaintiffs' inadequate representation arguments are "speculative," Pl. Op. at 15, and "premature," *see* Def.'s Op. to Mot. to Intervene (Def. Op.), ECF No. 62 at 2. But the parties both misconstrue Proposed Intervenors' arguments and misunderstand the liberal thrust of Rule 24. As explained in their brief in support of their Motion for Leave to Intervene, Mem. Supp. Proposed Intervenor's Mot. to Intervene, (Mem. Supp.) ECF No. 50, and

1

below, Proposed Intervenors satisfy all requirements for mandatory intervention, and, in the alternative, permissive intervention. Their motion should be granted.

## I. Proposed Intervenors are entitled to intervention as of right under Rule 24(a).

### A. *Proposed Intervenors timely moved to intervene.*

The government does not contest Proposed Intervenors' timeliness. Plaintiffs, for their part, assert that Proposed Intervenors' motion comes "late in the proceedings" and that intervention would delay resolution of the case and increase their litigation burdens. Pl. Op. at 4. Plaintiffs fail to grapple with important—and, for them, detrimental—aspects of both law and fact.

*First*, this case is not as advanced as Plaintiffs say—the government moved to dismiss, along with its Motion for Summary Judgment, on the day Proposed Intervenors filed this motion. That Proposed Intervenors moved to intervene three months after this case's initiation is insignificant. "[A]bsolute measures of timeliness should be ignored." *All. for Hippocratic Med. v. U.S. Food & Drug Admin.*, No. 2:22-CV-223-Z, 2024 WL 1260639, at *1 (permitting intervention where intervenors moved a year after litigation began (internal quotation marks and citation omitted)). As the Fifth Circuit and this Court have emphasized, motions—such as Proposed Intervenors'—made before trial or final judgment are generally timely. *See*, *e.g.*, *John Doe No. 1 v. Glickman*, 256 F.3d 371, 378 (5th Cir. 2001); *Edwards v. City of Houston*, 78 F.3d at 1001 (that the motions to intervene "were filed prior to entry of judgment favors timeliness").

*Second*, no prejudice will unfold should Proposed Intervenors' motion be granted. Plaintiffs assert that they will face delayed relief and increased litigation burdens if intervention is permitted. Pl. Op. at 4. But this factor of the timeliness test concerns only prejudice arising from any delay, not that which would ensue from intervention itself. *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (citations omitted). Indeed, Proposed Intervenors have reduced any burden

2

on the existing parties (relevant or not to the timeliness inquiry) by filing their own proposed summary judgment motion along with that of the Defendants, complying with the already extant briefing schedule.

*Third*, Plaintiffs fail to address the prejudice that will befall Proposed Intervenors if the Court denies their intervention motion. *See Glickman*, 256 F.3d at 379 (noting that, among other factors, inability to appeal an unfavorable decision was prejudice to proposed intervenors (citations omitted)). All factors relevant here favor a finding of timeliness.

### B. Proposed Intervenors assert myriad direct, substantial, and legally protectable interests.

The government does not contest that Proposed Intervenors' interests are sufficient for Rule 24. Plaintiffs do.[1] But Plaintiffs ignore Rule 24's "minimal" interest burden, *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015), and the even "more lenient standard" in public interest cases such as this one, *Brumfield v. Dodd,* 749 F.3d 339, 344 (5th Cir. 2014), (citation omitted). They compound their error by repeatedly and incorrectly conflating the showing required for Rule 24 "interest" with that required for Article III standing as they attempt to challenge Proposed Intervenors' interests.[2]

*First*, Plaintiffs attempt to label Proposed Intervenors' interests as merely political. *See* PI Op. at 5–8. Proposed Intervenors' direct, substantial, and legally protectable interests in the case

---

[1] Plaintiffs do not address the sufficiency of Proposed Intervenors' interests in the protecting "provider-patient relationship." As such, they waive this argument. *See Safe Home Sec., Inc. v. Philadelphia Indem. Ins. Co.*, 581 F. Supp. 3d 794, 798 (N.D. Tex. 2021).

[2] *See, e.g.*, Pl. Op. at 8–9 (quoting *Food & Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 382 (2024)); 9 (citing *Dep't of Educ. v. Brown*, 600 U.S. 551m 5563–64 (2023)); 11 (citing *Rogers v. 12291 CBW, LLC*, No. 1:19-cv-00266, 2021 WL 11247562, at *4 (E.D. Tex. Dec. 13, 2021) (applying a standing analysis where putative intervenors sought to file a crossclaim)); 11 (quoting *Lane v. City of Houston*, No. 4:23-CV-02302, 2024 WL 4354116, at *2 (S.D. Tex. Sept. 30, 2024)); 13 (quoting *Ass'n for Retarded Citizens of Dall. v. Dall. County Mental Health & Mental Retardation Ctr. Bd. Of Trs.*, 19 F.3d 241, 244 (5th Cir. 1994)); 13 (quoting *NAACP v. City of Kyle*, 626 F.3d 233, 239 (5th Cir. 2010)).

are separate and apart from their publicly stated positions. *See*, *e.g.*, *All. for Hippocratic Med*, 2024 WL 1260639 at *3–*4 (finding states opposed to abortion had interests sufficient to intervene in case challenging FDA approval of medication abortion). This red herring does not diminish the sufficiency of Plaintiffs' asserted interests—as parties regulated by the statutory scheme, as providers for whom patient trust is essential, as cities responsible for public health, and as entities that must expend resources if HIPAA or the 2024 Rule are altered or blocked.

*Second,* Plaintiffs contend that "*not* being regulated is not an injury" and imply that only parties "*opposing*" laws that regulate them may intervene in cases to challenge them. Pl. Op. at 8 (emphases in original). As explained above, Proposed Intervenors' job at this juncture is to demonstrate "interest" not injury. *Texas*, 805 F.3d at 659; *see also Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663 (2019) (defendant-intervenors need not establish Article III standing for initial intervention if they do not assert counterclaims).[3] Plaintiffs also cite no law for the proposition that parties only have interests sufficient for Rule 24 if they oppose the legal scheme at issue. Nor can they, as that is not the law and would preclude defensive intervention in cases such as this one.

In *Wal-Mart v. Texas Alcoholic Beverage Commission*, the Fifth Circuit found a trade association representing the exclusive sellers of liquor at retail prices for off-premises consumption had an "interest" and was permitted to intervene as a defendant in a case regulating that statutory scheme. 834 F.3d 562, 565–56. Although the scheme required the association's members to adhere to certain requirements, the court found the association had an interest in the regulation

---

[3] Proposed Intervenors, however, do meet Article III standing requirements.

4

because the scheme in some way benefited its members. *Id.* at 566-67.[4] The court made no mention of the fact that the challenged law, by default, "add[ed] requirements" on the association's members that the litigation, if successful, would remove. Pl. Op. at 9. Likewise, in *National Horsemen's Benevolent and Protective Ass'n v. Black*, this Court found that putative intervenors (the state of Texas and one of its agencies) had an interest in challenging a regulatory regime to which they were subject. No. 5:21-CV-071-H, 2022 WL 974335 at *5 (N.D. Tex. Mar. 31, 2022). In so doing, the Court did not say that the state could *only* intervene to challenge regulations that it opposed. Rather, because the state was subject to the law, had to spend time and resources to comply with it, and had an interest in the "vitality" of programs threatened by the law, it had an interest under Rule 24. *Id.* at *5.

So too here. As Proposed Intervenors have made clear, although HIPAA and the 2024 Rule require Proposed Intervenors to comply with certain requirements, Proposed Intervenors—like the licensed liquor retailers in *Wal-Mart*—want to maintain the regulatory regime because it enables them to care for their patients. *See* Mem. Supp. at 9–13. The "vitality" of their work, *Black*, 2022 WL 974335 at *5, depends on HIPAA and the 2024 Rule remaining in place.

*Third*, Plaintiffs allege that Proposed Intervenors are not the "beneficiaries" of the 2024 Rule, Pl. Op. at 9, 10 and, lacking "legally enforceable rights," Pl. Op. at 10, have no Rule 24 interest. But the Fifth Circuit has plainly said that an interest "need not be legally enforceable" to count for Rule 24 purposes. *Texas*, 805 F.3d at 659 (emphasis omitted). And, again, Plaintiffs cite no case law indicating that *only* the intended beneficiaries of a legal regime may intervene in

---

[4] Although Plaintiffs argue that *Wal-Mart* hinged on the fact that the intervenor's members were the "beneficiaries" of the law at issue in that case, Pl. Op. at 9–10, as explained below, no case law dictates that only beneficiaries of a statutory scheme may have interests in that scheme sufficient for Rule 24 and, regardless, Plaintiffs are beneficiaries of HIPAA and the 2024 Rule.

5

cases that throw it into question. Even if that were the law, Proposed Intervenors are indeed among the intended beneficiaries of the 2024 Rule. *See*, *e.g.*, 89 Fed. Reg. at 32991 (Apr. 26, 2024). (describing how the 2024 Rule will improve "health care providers" provision of care, at both the individual and population levels); *Id.* at 32993 (noting that the 2024 Rule "will eliminate some of the burdens health care providers face in providing high-quality health care"). Proposed Intervenors "seeking to preserve" a regulation that benefits them and "which may be *in part* intended to" do so satisfies Rule 24. *Mass. Food Ass'n v. Sullivan*, 184 F.R.D. 217, 222 (D. Mass.), aff'd sub nom. *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560 (1st Cir. 1999) (emphasis added).

*Fourth*, Plaintiffs claim that the costs Proposed Intervenors will incur if the 2024 Rule is overturned are insufficient to warrant intervention. Pl. Op. at 11. They even go so far as to allege that if the Court affords Plaintiffs the relief they seek, Proposed Intervenors would "avoid" compliance costs. Pl. Op. at 12 (emphasis omitted). Again, Plaintiffs miss the mark.

Contrary to what Plaintiffs argue, a judgment upholding the 2024 Rule would "avoid future costs" for Proposed Intervenors. Pl. Op. at 12. For example, the City of Columbus has already devoted time and resources to implementing the 2024 Rule. App. in Supp. of Intervenor-Defendants' Mot. to Intervene, ECF No. 50-1 (Appx.) at 020 (Mitchell Decl. ¶ 14). Undoing that work would not only mean that money was "spent in vain," *City of Houston v. Am. Traffic Sol.s, Inc.*, 668 F.3d 291, 294 (5th Cir. 2012), it would require additional expenses as a result of this litigation, *Britto v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 2:23-CV-019-Z, 2023 WL 11957195, at *3 (N.D. Tex. Apr. 14, 2023) (finding compliance costs, among other economic injuries, a sufficient interest for Rule 24). And Plaintiffs' attempt to distinguish *American Traffic Solutions* as unique to the putative intervenors in that case misses the forest for

the trees. *See* Pl. Op. at 12–13. The Fifth Circuit has "continued to hold that economic interests can justify intervention when they are directly related to the litigation." *Wal-Mart*, 834 F.3d at 568. Such is the case for DFA too. As an organization that devotes significant resources to improving the provision of health care, there is no doubt an end to the 2024 Rule through this litigation would "change[] the legal landscape " in which DFA (and its members) operate, *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 306 (5th Cir. 2022), in turn requiring it to "expend resources to educate their members on the shifting situation," *id.* at 307.

*Lastly*, Plaintiffs' argument that Proposed Intervenors may operate under their desired privacy standards regardless of what HIPAA requires, *see* Pl. Op. at 13–14, is legally incorrect. The fact that HIPAA is a "federal floor," *Id.* at 13 (quoting 65 Fed. Reg. at 82580 (Dec. 28, 2000)), means only that providers must comply with the most privacy protective *law*, whether that be state or federal, not that they can do whatever they want to protect their patients' privacy. Ensuring that the most sensitive medical information of Proposed Intervenors' patients is subject to the most protective privacy law, including the 2024 Rule, is a critical interest that may be impaired should Proposed Intervenors be precluded from intervening. *See*, *e.g.*, Appx. 015 (Oller Decl. ¶ 15) ("[M]y patients understand that their information is protected by federal law. If HIPAA or the 2024 Rule were to be overturned, it would . . . threaten[] my relationships with them and inhibit[] my ability to provide care for them."); *see also* Appx. 008–009 (Petrin Decl. ¶ 12).[5]

---

[5] Proposed Intervenors have also demonstrated that resolution of this litigation will impair or impede their ability to protect their interest in the litigation. *See* Mem. Supp. at 14–15. Although Plaintiffs imply that Proposed Intervenors have not, and state that they will address this "deficienc[y]" later on in their brief, Pl. Op. at 8 n.14, they never do. "Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." *Safe Home Sec., Inc. v. Phila. Indem. Ins. Co.*, 581 F. Supp. 3d 794, 798 (N.D. Tex. 2021) (internal quotation marks and citation omitted). The Court should find as much here.

*C. Proposed Intervenors have more than made the minimal showing required to satisfy the inadequacy requirement.*

The government and Plaintiffs frame Proposed Intervenors' showing on the inadequacy of interest as speculative and premature. Pl. Op. at 15; *see* Def. Op. at 2 (describing the motion as "premature"). Yet to make the "minimal" showing required for this factor, Proposed Intervenors need only demonstrate that the government's representation of their interests "*may* be inadequate." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002) (emphasis added). Proposed Intervenors have certainly done so here.

To begin, the government has acknowledged that it is less than certain it will defend the challenged Rule. *See* Def. Op. at 1 ("HHS is currently reevaluating the Rule and the issues raised in this litigation."); Suppl. App. in Supp. of Intervenor-Defendants' Mot. to Intervene (Suppl. Appx.) 004 (Mot. to Hold Deadline in Abeyance, *Texas v. U.S. Dep't of Health and Human Services, et al.*, No. 5:24-cv-204-H, (January 30, 2025), ECF No. 39). The administration has also taken actions that indicate its opposition to the 2024 Rule. Suppl. Appx. 007 (Exec. Order No. 14182, 90 Fed. Reg. 8751 (January 31, 2025)) (rescinding Suppl. Appx. 009 (Exec. Order No. 14076, 87 Fed. Reg. 42053, 42054 (July 13, 2022))), which directed HHS to take actions under HIPAA to protect "sensitive information related to reproductive healthcare services"). These suffice to demonstrate that Proposed Intervenors' interests (and ultimate goal of defending the challenged Rule) may diverge from those of the government in the future, which is all that is needed under Rule 24. *See Heaton*, 297 F.3d at 425 ("That [interests] may diverge in the future, even though, at this moment, they appear to share common ground, is enough to meet the [intervenor's] burden"); *accord W. Energy All. v. Zinke*, 877 F.3d 1157, 1169 (10th Cir. 2017) ("[T]he change in the Administration raises the possibility of divergence of interest or a shift during litigation." (internal quotation marks and citation omitted)).

8

Further, even apart from the likelihood that the government will drop its defense of the 2024 Rule, that Proposed Intervenors' interests overlap with *some* of the government's stated interests in its pre-inauguration filings in no way indicates that the government will "adequately" defend the interests of Proposed Intervenors as Plaintiffs imply. *See* Pl. Op. at 14. The existing parties fail to contend with the legal precedent dictating that putative intervenors with narrower interests than those of the government can demonstrate inadequate representation. *See Glickman*, 256 F.3d at 381. Proposed Intervenors have done so. *See* Mem. Supp. at 16.

*D. Proposed Intervenors satisfy the Fifth Circuit permissive requirements for Rule 24(c)*

Plaintiffs likewise attempt to toss Proposed Intervenors for failing to attach a pleading (here, an answer) outlining their defense of the challenged Rule. Fed. R. Civ. P. 24(c). Yet Proposed Intervenors' proposed motion for summary judgment explains quite clearly to the Court the positions they plan to take. And, as Plaintiffs acknowledge, the Fifth Circuit follows a "permissive approach" when assessing whether an intervention motion satisfies Rule 24(c). *DeOtte v. State*, 20 F.4th 1055, 1067 n.2 (5th Cir. 2021); *see, e.g.*, *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1074 (5th Cir. 1980).

Here, Proposed Intervenors have put the parties "on notice" of their reasons for intervention and the positions they take on the matters at issue in the case. *Liberty Surplus Ins. Companies v. Slick Willies of Am., Inc.*, No. CIV.A. H-07-0706, 2007 WL 2330294, at *2 (S.D. Tex. Aug. 15, 2007); *accord Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005). The Seventh Circuit case to which Plaintiffs cite is inapposite, as that court is one of the few that has decisively "taken a stricter approach" to Rule 24(c). *Liberty Surplus Ins. Companies*, 2007 WL 2330294 at *2 (citing *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987)). Even if

9

this Court finds Proposed Intervenors' motion deficient, Proposed Intervenors respectfully request that the Court give them an opportunity to file an answer, rather than denying the motion outright.

### II. Alternatively, this Court should permit intervention under Rule 24(b).

Proposed Intervenors satisfy all the requirements of permissive intervention. *See* Mem. Supp. at 18–19. The government does not contest this conclusion, and Plaintiffs' arguments are unpersuasive. As explained above, Proposed Intervenors' motion is timely. This litigation is still in its early stages and any delays about which Plaintiffs complain result from the goings-on of litigation, not from any delay in the motion. And the purported "procedural defect" with the motion, Pl. Op. at 16, is of little concern in this Circuit, *see DeOtte*, 20 F.4th at 1067 n.12.

### III. Proposed Intervenors should be permitted to fully intervene.

Plaintiffs propose that if this Court grants Proposed Intervenors' motion, they be allowed to participate "only for the purpose of standing in Defendants' shoes if Defendants choose not to appeal." Pl. Op. at 16. But intervention under these constraints—a proposition for which Plaintiffs cite no case law—would be woefully inadequate and would prevent Proposed Intervenors from fully defending their interests in the challenged Rule. Defendants may, for example, make litigation choices with which Proposed Intervenors disagree, such as consenting to an injunction more limited in scope. Plaintiffs also suggest that this Court permit intervention in a manner that does not add to or extend the briefing schedule. Proposed Intervenors—as demonstrated by their submission of a proposed motion for summary judgment—have no interest in altering the existing schedule. Any restriction on altering the briefing schedule would therefore be unnecessary and might unnecessarily constrain both the parties and this Court in the future.

### CONCLUSION

For the foregoing reasons and those stated in their opening brief, Proposed Intervenors respectfully request that this Court grant their motion for leave to intervene.

Date:   February 21, 2025                              Respectfully submitted,

/s/ Shannon R. Selden
Shannon Rose Selden – *Admitted Pro Hac Vice*
Adam Aukland-Peck – *Admitted Pro Hac Vice*
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000 (phone)
(212) 909-6836 (fax)
srselden@debevoise.com
aauklandpeck@debevoise.com

*Counsel to Intervenor-Defendants*

                                                                    -and-

Carrie Y. Flaxman – *Admitted Pro Hac Vice*         Anna A. Moody – *Admitted Pro Hac Vice*
Madeline H. Gitomer – *Admitted Pro Hac Vice*       Gabriel A. Kohan – *Admitted Pro Hac Vice*
Emma R. Leibowitz – *Admitted Pro Hac Vice*         DEBEVOISE & PLIMPTON LLP
DEMOCRACY FORWARD                                   801 Pennsylvania Avenue NW
P.O. Box 34553                                      Washington, DC 20004
Washington, DC 20043                                (202) 383-8000 (phone)
(202) 448-9090 (phone)                              (202) 383-8118 (fax)
cflaxman@democracyforward.org                       amoody@debevoise.com
mgitomer@democracyforward.org                       gakohan@debevoise.com
eleibowitz@democracyforward.org
                                                    *Counsel to Intervenor-Defendants*
*Counsel to Intervenor-Defendants*

-and-                                               -and-

Aisha Rich – *Admitted Pro Hac Vice*                Ryan Patrick Brown
PUBLIC RIGHTS PROJECT                               RYAN BROWN ATTORNEY AT LAW
490 43rd Street, Unit #115                          P.L.L.C
Oakland, California 94609                           1222 S. Fillmore
(510) 214-6960 (phone)                              Amarillo, Texas 79101
aisha@publicrightsproject.org                       (806) 372-5711 (phone)
                                                    ryan@ryanbrownattorneyatlaw.com
*Counsel to City of Columbus and City of
Masion*                                             *Counsel to Intervenor-Defendants*

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2025, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Shannon R. Selden*
Shannon Rose Selden