IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| **Purl, M.D.**, et al., | § | |
| --- | --- | --- |
| *Plaintiffs*, | § § § | |
| v. | § § | **Civil Action No. 2:24-cv-228-Z** |
| **United States Department of Health and Human Services**, et al., | § § § § | |
| *Defendants*. | § | |

**PLAINTIFFS' APPENDIX IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1(i), Plaintiffs file this supplemental appendix.

**INDEX**

| Document | Page Numbers |
| --- | --- |
| Second Supplemental Declaration of Carmen Purl, M.D. | Resp. App. 001–003 |

Respectfully submitted this 3rd day of March, 2025.

    */s/ Natalie D. Thompson*
**Natalie D. Thompson**
TX Bar No. 24088529
DC Bar No. 90026665
Matthew S. Bowman
DC Bar No. 993261
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
nthompson@ADFlegal.org
mbowman@ADFlegal.org

Julie Marie Blake
VA Bar No. 97891
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
jblake@ADFlegal.org

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **Purl, M.D.**, et al., § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No. 2:24-cv-228-Z |
| § | |
| **United States Department of** § | |
| **Health and Human Services**, et al., § | |
| § | |
| *Defendants*. § | |

**SECOND SUPPLEMENTAL DECLARATION OF CARMEN PURL, M.D.**

I, Carmen Purl, M.D., declare as follows:

1. I am over 18 years old and am competent to make this declaration. All information in this declaration is based on personal knowledge. I am the sole owner of Carmen Purl, M.D., PLLC, d/b/a Dr. Purl's Fast Care Walk In Clinic ("the Clinic"), a private family medicine practice. I have knowledge of the information contained in this declaration in connection with this role and am competent to testify to the same on behalf of the Clinic.

2. The Clinic regularly shares PHI with external healthcare systems, such as hospital systems and other healthcare providers, as permitted by HIPAA and the Privacy Rule.

3. For example, patient information sharing is routine and important when one of my primary-care patients becomes pregnant. I typically continue to provide her care through the first trimester of pregnancy. When an obstetrician takes over the patient's prenatal care (which is typically in the second trimester), the Clinic routinely provides her chart to the obstetrician to facilitate continuity of

care. After a patient delivers her child, the Clinic may obtain her chart from the obstetrician to facilitate continuity of care. I refer to a patient's obstetrical chart when, for example, the patient was diagnosed with gestational diabetes or experienced complications during delivery that need to be followed.

4. It would be harmful to the Clinic's operations and ability to care for patients if we were unable to engage in patient information sharing with external healthcare systems. I worry that if external healthcare systems must comply with the 2024 Rule, they will be unwilling or unable to share complete patient information with the Clinic. Redacting PHI related to "reproductive health care" (as defined by the 2024 Rule) would result in unclear or incomplete records. Without clear and complete medical records, patient care is hindered and great harm could result.

5. The Clinic has business associate agreements with third-party payers (such as insurance companies), software vendors, and other service providers, and regularly shares patient information with these business associates as allowed by HIPAA and the Privacy Rule. Applying the 2024 Rule to all regulated entities other than myself and the Clinic would interfere with our ability to enter into business associate agreements.

6. I worry that my patients could be endangered if external healthcare systems and business associates refuse to respond to lawful requests for PHI, or to not report suspected abuse or crime, based on the 2024 Rule.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of February, 2025, at Dumas, Texas.

Carmen Purl, M.D.